# EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
06/11/2008
CT Log Number 513519615

TO: Mona Jones
Wolpoff & Abramson, L.L.P.
Two Irvington Centre, 702 King Farm Blvd
Rockville, MD 20850-5735

RE: **Process Served in Texas**

FOR: Wolpoff & Abramson, LLP (Domestic State: DC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Garcia Lopez, Pltf. vs. Wolpoff & Abramson LLP, and LVNV Funding LLC, Dfts. |
| DOCUMENT(S) SERVED: | Citation, Original Petition, Exhibits |
| COURT/AGENCY: | 25 District Court, Guadalupe County, Texas, ., . Case # 080919CV |
| NATURE OF ACTION: | Breach of contract, failure to pay, Amount Due $3,818.36 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Dallas, TX |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 06/11/2008 postmarked on 06/09/2008 |
| APPEARANCE OR ANSWER DUE: | By 10:00 a.m. on the Monday next after the expiration of 20 days after you were served - file written answer // Within 50 days - Request for Disclosure |
| ATTORNEY(S) / SENDER(S): | Bryan Powers P.O. Box 1685 Canyon Lake, TX 78133 830-964-3762 |
| ACTION ITEMS: | SOP Papers with Transmittal, via  Fed Ex 2 Day , 790032827159 Email Notification, Mona Jones mlj@wolpofflaw.com |
| SIGNED: PER: ADDRESS: | C T Corporation System Beatrice Casarez 350 North St Paul Street Suite 2900 Dallas, TX 75201 |
| TELEPHONE: | 214-932-3601 |

Page 1 of  1 / AC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CAUSE NO. 08-0919-CV**
**CITATION BY MAILING**

THE STATE OF TEXAS

To:   **WOLPOFF & ABRAMSON LLP**
      **By serving agent: C.T. Corporation Systems**
      **350 N. St. Paul**
      **Dallas, Texas 75201**

Defendant in the hereinafter styled and numbered cause:

"YOU have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION**, a default judgment may be taken against you." In the above numbered cause, styled,

GRACIE LOPEZ VS. WOLPOFF & ABRAMSON LLP, AND LVNV FUNDING LLC

Said petition was filed in said Court on the 9TH DAY OF JUNE, 2008, by:
POWERS, BRYAN
P.O. BOX 1685
CANYON LAKE, TEXAS 78133

Issued and given under my hand and seal of said Court at office, this the 9th of June, 2008.

DEBRA CROW, District Clerk
Guadalupe County, Texas

By _Rebecca Ramirez_ Deputy

**OFFICER'S RETURN BY MAILING**

Came to hand on the _____ day of _____, 20____ and executed by mailing certified mail, restricted delivery, a true copy of this citation together with a copy of **PLAINTIFF'S ORIGINAL PETITION** at the following address.

Service upon the Defendant, _____ is evidence by the return receipt incorporated herein and attached hereto, signed by _____, on date of delivery of _____, and return receipt filed in the District Clerk's office on _____.

To certify which witness my hand officially.

DEBRA CROW, District Clerk
Guadalupe County, Texas

By _____Deputy

ATTACH RETURN RECEIPT (S)
WITH ADDRESSEE'S SIGNATURE

**RESPONDENT'S COPY**

CAUSE NO. 08-0919-CV

| | | |
|---|---|---|
| GRACIE LOPEZ, | * | IN THE DISTRICT COURT OF |
| plaintiff, | * | |
| vs. | * | GUADALUPE COUNTY, TEXAS |
| WOLPOFF & ABRAMSON LLP, and LVNV FUNDING LLC, | * | |
| defendants. | * | 25th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

### I. Discovery Control Plan

1.     Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 because this is a class action; there are many complex issues of law; and necessary and appropriate discovery is extensive.  She asks the court to enter a scheduling order with a discovery control plan to direct the course of the litigation.  The discovery control plan will need to account for electronic discovery because much of the data relevant to plaintiff's claims is contained in computer databases operated or ultimately controlled by defendant and its assignor.

### II. Parties

2.     Plaintiff in this lawsuit is Gracie Lopez (hereafter "Lopez"), who resides in Guadalupe County, Texas.

3.     Defendant Wolpoff & Abramson LLP (hereafter "Wolpoff"), is a limited liability partnership engaged in the business of collecting debts in this state.  Its

-1-

FILED
10:45 AM

JUN 0 9 2008

DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.
By_____ Deputy

principal place of business in Texas is located at 5215 North O'Connor Blvd., Suite 1060, Irving, TX 75039. The principal purpose of Wolpoff is the collection of debts. Wolpoff regularly attempts to collect debts alleged to be due another. Wolpoff can be served with process by serving its agent C.T. Corporation Systems, 350 N. St. Paul, Dallas, TX 75201 by certified mail.

4.     Defendant, LVNV Funding LLC d/b/a as Resurgent Capital Services LP (hereafter "LVNV"), is organized under the laws of Delaware; is authorized to do business in Texas; is doing debt collection business in Texas as its principal business in Texas; has availed itself of the court system of Texas by filing suit in Texas; and may be served with process by serving Resurgent Capital Services LP, in care of its agent for service, C.T. Corporation Systems, 350 N. St. Paul, Dallas, TX 75201. The principal purpose of LVNV is the collection of debts. LVNV regularly attempts to collect debts alleged to be due another.

5.     Wherever this petition refers to any act or acts of either defendant, the reference shall also be deemed to mean that the partners, directors, officers, employees, affiliates, or agents of the defendant authorized such act while actively engaged in the management, direction or control of the affairs of the defendant, and each of them, or by persons who are the alter egos of or juridically linked to the defendant, while acting within the scope of their agency, affiliation, or employment.

## III. Factual Allegations

6.      On November 13, 2007, at the instruction of defendants, a process server delivered a communication from a debt collector to Lopez, namely plaintiff's original petition in Cause No. CV-2362 in the Justice Court, Precinct 4, Guadalupe County, Texas.  This petition is attached hereto as Exhibit A and by this reference is incorporated herein.  As a third party to the petition, the process server had the opportunity to read the petition because defendants caused the process server to deliver the citation to Garcia.  On information and belief, the process server read the petition.

7.      Exhibit A stated that

a.      "[Lopez] executed a contract whereby a sum of money was to be paid to [LVNV];

b.      "[LVNV] [is] owner and holder of said contract";

c.      "[LVNV] is entitled to receive all money due under the contract";

d.      " [Lopez] defaulted in paying the amount due under the terms of the contract";

e.      "[a]fter application of all just and lawful offsets, credits, and payments, the balance due is $3818.36";

f.      "[d]espite [LVNV]'s timely demand, payment has not been forthcoming";

g.      "[t]he breach of [Lopez] led [LVNV] to employ [Wolpoff] to file suit, necessitating a reasonable fee for attorney services";

h.    LVNV is entitled to judgment "for $3818.36, plus reasonable attorney's fee, costs of court, [and] post-judgment interest";

i.    "[LVNV] purchased the credit account of [Lopez] from the original creditor or its assignee";

j.    "[LVNV]'s business records for the Credit Account of [Lopez] reflect that the just and true balance due and owing to [LVNV]  by [Lopez] on the Account Number B09540154447 as of [October 11, 2007] is [$]3818.36 according to the business records provided to [LVNV] by the original creditor or its assignee at the time the Credit Account was purchased, less credit for all payments, together with interest and other applicable costs as allowed by law"; and

k.    "[d]emand for payment of the just amount has been made more than thirty (30) days prior hereto and payment for the amount due and owing has not been tendered."

8.    Exhibit A concerned an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

9.    Upon information and belief, Lopez never entered any agreement with LVNV or CitiFinancial, Inc. which authorized the aforementioned "all money due under the contract"; "amount due under the terms of the contract"; "balance due is

$3818.36"; "reasonable fee for attorney services"; "$3818.36, plus reasonable attorney's fee, costs of court, [and] post-judgment interest"; or "just amount."

10.     Upon information and belief, amounts claimed by LVNV as "all money due under the contract"; "amount due under the terms of the contract"; "balance due is $3818.36"; "reasonable fee for attorney services"; "$3818.36, plus reasonable attorney's fee, costs of court, [and] post-judgment interest"; and "just amount" was not authorized by law.

## IV. Practices and Policies of Defendants

11.     It was the practice and policy of defendants to cause debt collection communications to be sent to consumers in Texas, which contradicted or overshadowed the required validation notice.

12.     It was the practice and policy of defendants to cause debt collection communications in the form of Exhibit A to be sent to consumers in Texas, which used false, misleading or deceptive means to collect or attempt to collect debt.

13.     It was the practice and policy of defendants to communicate, in connection with the collection of a debt, with a person in Texas other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

14.     It was the practice and policy of defendants to use unfair or unconscionable means to collect or attempt to collect a debt from persons in Texas,

including the collection of amounts not expressly authorized by an agreement creating the debt or permitted by law.

## V. Class Action Allegations

15.    This action is brought on behalf of a class consisting of;

(i)    all persons with addresses in Texas;

(ii)    to whom a petition like Exhibit A was sent;

(iii)    in an attempt to collect an alleged debt incurred to personal, family, or household purposes;

(iv)    which was not returned as unserved or as undeliverable by the Post-Office.

16.    Lopez alleges on information and belief based on the defendants' use of form petitions that the class is so numerous that joinder of all members is impractical.

17.    There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

a.    whether defendants' communications contradicted or overshadowed the required validation notice;

b.    whether defendants communicated with a process server in connection with service of citation and petition;

c.    whether defendants' collection communications falsely represented the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully received by a debt collector for the collection of a debt;

d.    whether the defendants used any false, misleading, or deceptive means to attempt to collect a debt; and

e.    whether the defendants used unfair or unconscionable means to collect or attempt to collect a debt.

## VI. Liability of Defendants

18.    Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

19.    Defendants violation of the debt collection laws applicable in Texas include, but are not limited to, the following:

a.    Defendants' communications contradicted or overshadowed the required validation notice;

b.    Defendants communicated with a process server in connection with service of citation and petition;

c.    Defendants' debt collection communications falsely represented the character, amount, or legal status of a debt; or services rendered or compensation which may be lawfully received by a debt collector for the collection of a debt;

-7-

d.     Defendants used false, misleading, or deceptive means to attempt to collect a debt; and

e.     Defendants used unfair or unconscionable means to collect or attempt to collect a debt.

20.    As a result of defendants' actions in this regard, plaintiff and the class are entitled to an award of actual damages, statutory damages, costs and attorney fees.

## VII.  Jury Demand

21.    Lopez demands trial by jury.

## VIII.  Conditions Precedent

22.    All conditions precedent to bringing this action have occurred or have been performed.

## IX.  Request for Disclosure

29     Lopez requests each defendant to disclose the information or material described in Texas Rule of Civil Procedure 194.2 within 50 days of service of this request.

-8-

## X. Prayer

WHEREFORE, Lopez respectfully requests that judgment be entered against the defendants in amounts to be proven at trial for:

a.      actual damages;

b.      statutory damages;

c.      reasonable attorney fees and costs; and

d.      such other and further relief as may be just and proper.


Respectfully submitted,

Bryan Powers
State Bar Number 16215700
P.O. Box 1685
Canyon Lake, Texas 78133
Tel. 830 964 3762
Fax. 830 964 3763

Attorney for Plaintiff

### THE STATE OF TEXAS
### COUNTY OF GUADALUPE COUNTY
### CIVIL CITATION
### #CV-2362



TO:   Gracie Lopez
      702 E. Pine St.
      Seguin, Texas 78155

You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 AM on the Monday next following the expiration of ten days after you were served this citation and petition, a default judgment may be taken against you.

You are hereby commanded to appear to file a written answer, at or before 10 O'clock AM on the Monday next after the expiration of ten days from the date of service of this citation upon you, at my office located at 11144 FM 725, Seguin, Texas, to answer in the suit of: LVNV Funding LLC Assignee Of Citfinancial VS. Gracie Lopez on the docket of said Court, the Plaintiff's demand being for the sum of $3,818.36 dollars due upon: Balance on Credit Account.

If this citation is not served within 90 days after the date of its issuance, it shall be returned unserved.

Issued and given under my hand at Guadalupe County, Texas, this the 13th day of November, 2007



Judge Larry A. Morawietz
Justice of the Peace, Precinct 4
Guadalupe County

Plaintiffs:        LVNV FUNDING LLC ASSIGNEE OF CITFINANCIAL
Plaintiff's ATTY:  BEDFORD, LAURA L.
*****************************************************************************

#### OFFICER'S RETURN
Came to hand on the _13_ day of _Nov_, 2007, at _2:30_ o'clock _P_. M. Executed at _702 E Pine Segun_ within the County of Guadalupe, at _6:00_ o'clock _P_. M. On the _16_ day of _Nov_, 2007, by delivering in person to _Gracie Lopez_, each a true copy of said citation the day of delivery. Not executed, the diligence used to execute being _____ for the following reason: _____. The defendant may be found: _____

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.
_____ SCCt 2600 _____ Constable of Guadalupe County, Texas


EXHIBIT
A

Cause Number _CV-2362_

# DEFENDANT'S ANSWER TO STATEMENT OF CLAIM/PETITION

## TO THE HONORABLE JUDGE OF THE CIVIL CLAIMS COURT:

I DENY generally the allegations contained in Plaintiff's Statement of Claim/Petition and request a trial of the issues as provided by Rule 92 of the Texas Rules of Civil Procedure.

_____
Signature of Defendant

STATE OF TEXAS
COUNTY OF GUADALUPE

SWORN BEFORE me, on this day personally appeared _____
to be the person whose name is subscribed to the forgoing instrument and swore to me that
he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this_____ day of _____, _____.

_____
Notary Public in and for the State of Texas

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*TO THE CLERK OF THE COURT\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please send me notice of my trial date to the name and address below:

(PLEASE PRINT)

Name _____

Address _____

City _____ State _____ Zip _____

Work Phone Number _____ Home Phone Number _____

**MAIL OR DELIVER** to the address listed below, not later than the "First
Monday" following 10 days from date of service of citation!

## Larry A. Morawietz
Justice of the Peace, Precinct 4
11144 FM 725
Seguin, Texas 78155
(830) 372-8916

CAUSE NO. ⌐V- 2362

LVNV FUNDING, LLC                                    IN THE JUSTICE COURT

ASSIGNEE OF CITIFINANCIAL
Plaintiff

VS.

GRACIE LOPEZ                                         PRECINCT NUMBER 4

Defendant(s)                                         GUADALUPE COUNTY, TEXAS

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:
    This is a suit on a debt.  Defendant(s) can be served with process at the address below.

    GRACIE LOPEZ
    702 E PINE ST
    SEGUIN TX  78155

1.  Plaintiff requests discovery be conducted at Level 1 (TRCP 190.2).  Defendant(s) executed a contract whereby a sum of money was to be paid to Plaintiff, owner and holder of said contract.  Plaintiff is entitled to receive all money due under the contract.  A brief summary of the amount due is attached as "Exhibit A".

2.  Defendant(s) defaulted in paying the amount due under the terms of the contract.  After application of all just and lawful offsets, credits, and payments, the balance due is $ 3818.36.  Despite Plaintiff's timely demand, payment has not been forthcoming.

3.  The breach of Defendant led Plaintiff to employ the undersigned law firm to file suit, necessitating a reasonable fee for attorney services.

PRAYER:  Plaintiff prays judgment against Defendant be granted for $ 3818.36. plus reasonable attorney's fee, costs of court, post-judgment interest at the rate allowed by law, and such other and further relief, legal or equitable, as this court deems appropriate.

    Respectfully submitted,

    WOLPOFF & ABRAMSON, L.L.P.
    Attorneys in the Practice of Debt Collection
    **ORIGINAL SIGNED**

    By: _____

    Laura L. Bedford, SBN 24025246    Claudine V. Espinosa, SBN 24010013
    Timothy A. Gasaway, SBN 24012684   Robert D. Frye, SBN 07498450
    Matthew T. Banister, SBN 24043012  Brent P. Burford, SBN 03371000
    Connell A. Loftus, SBN 24047623    Seung W. Chae, SBN 24047837
    5215 North O'Connor Blvd., Suite 1060, Irving, TX 75039
    Tel. (800) 830-2793 / Fax (866) 593-8773
    ATTORNEYS FOR PLAINTIFF

TXAUTJ/TXNSNI    W&A FILE NO. 178448717

## AFFIDAVIT IN SUPPORT OF PLAINTIFF'S CLAIM

Account Holder:      Gracie
                             Lopez

Plaintiff:                  LVNV Funding LLC
                             CitiFinancial, Inc.

Account Number:      B09540154447

         BEFORE ME, the undersigned personally appeared and personally known by me, this day, and who after being duly sworn upon his/her oath deposes and states:

1.      I am a competent person over eighteen years of age. I am an authorized representative of
LVNV Funding, LLC
625 Pilot Road, Suite 2
Las Vegas, NV 89119
, the Plaintiff herein (hereinafter "Plaintiff"). As an authorized agent for Plaintiff, I am authorized to execute this affidavit on behalf of Plaintiff and the information below is true and correct to the best of my knowledge, information and belief.

2.      In the ordinary course of business Plaintiff regularly purchases revolving credit accounts, installment accounts, service accounts and/or other credit lines from the original creditor or their assignee(s). Plaintiff purchased the credit account of Defendant herein. Account Number referenced above (hereinafter "the Credit Account") from the original creditor or its assignee.

3.      The scope of my job responsibilities includes the supervision or oversight of credit account records maintained by Plaintiff, including the Credit Account referenced above. In the performance of my duties for Plaintiff, I am familiar with the manner and method by which Plaintiff creates and/or maintains its normal business books and records, including computer records and/or data of its purchased credit accounts, in the ordinary course of its business. As such, I am the custodian of said business records.

4.      It is also the regular practice of Plaintiff's predecessors to send monthly statements to the accountholders reflecting the purchases made, payments received and/or amounts owing on such accounts.

5.      Plaintiff's business records for the Credit Account of Defendant reflect that the just and true balance due and owing to Plaintiff by the Defendant on the Account Number B09540154447 as of the date hereof is 3818.36 according to the business records provided to Plaintiff by the original creditor or its assignee at the time the Credit Account was purchased, less credit for all payments, together with interest and other applicable costs as allowed by law.

6.      Demand for payment of the just amount has been made more than thirty (30) days prior hereto and payment for the amount due and owing has not been tendered. There is no record of any legitimate dispute by the accountholder.

Date: October 11, 2007                  _C Risser_
                                         Name: Carlie Risser

COUNTY OF GREENVILLE              Title: Authorized Representative

         Before me personally appeared the person whose name and title is identified above being of age and duly sworn upon his/her oath, states that he/she has read the foregoing Affidavit and the facts stated therein are true and correct.

         The foregoing affidavit sworn to and subscribed before me this 11th day of October, 2007

My commission expires:                        _Dondra C Robinson_

NAFFPL/CLDOC                           Notary Public

                                         File#: 178445717

                                       Dondra C. Robinson
                                       Notary Public
                                       State of South Carolina
                                       My Comm. Exp. 9-13-2017

```
ACCT#R09540154447          BAL 3818.36        LPYMT DT 02/05/2004
*ABL-ACCT-ID*ABL-ACCT-NO
                                     *ABL-EFF-DATE*ABL-CUR-BALANCE
                                      09/24/2007   3818.36
*ABL-PRIN-COLLECTED*ABL-PRIN-OWING*ABL-PRIN-BAL*ABL-ATTYFEE-COLLECTED
0.00               3818.36        3818.36       0.00
*ABL-ATTYFEE-OWING*ABL-FEE-BAL*ABL-INT-COLLECTED*ABL-INT-OWING*ABL-INT-BAL
0.00              0.00         0.00             0.00          0.00
*ABL-COST-COLLECTED*ABL-COST-OWING*ABL-COST-BAL*ABL-CUR-INT-RATE*ABL-INT-ACCRUAL
0.00               0.00          0.00          0.060           0.63
*ABL-SUSPEND-INT*ABL-LAST-PYMT-DT*ABL-LAST-PYMT-AMT*ABL-LAST-NSF-DT
0.00            02/05/2004       1500.00
*ABL-LAST-NSF-AMT*ABL-ACCRUAL-METHOD*PLA-ACCT-ID*PLA-ACCT-NO
                 2

*ADL-ACCT-NO                     *ADL-MERCHANT
                                                              *ADL-CBR
*ADL-CHGOFF-BAL*ADL-CHGOFF-DT*ADL-ORG-NAME                     Y
3818.36        12/20/2004    LVNV FUNDING LLC
*ADL-LAST-PURCH-AMT*ADL-MISC1
0.00
*ADL-MISC2
3306980135723



                    Window RT/1 at WFACQT
```

**EXHIBIT B**

NO. 08-0919-CV

| | | |
|---|---|---|
| GRACIE LOPEZ, | § | IN THE DISTRICT COURT |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 25TH JUDICIAL DISTRICT |
| | § | |
| WOLPOFF & ABRAMSON, LLP and | § | |
| LVNV FUNDING LLC, | § | |
| | § | |
|     Defendants. | § | GUADALUPE COUNTY, TEXAS |

## NOTICE OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE JUDGE OF SAID COURT

Defendants Wolpoff & Abramson, LLP and LVNV Funding LLC hereby jointly give notice to Plaintiff and the Court of the removal of this case to the United States District Court for the Western District of Texas, Austin Division.  A true copy of the Notice of Removal to be filed in said Court is attached hereto and incorporated herein by reference as if fully set forth verbatim.

Respectfully submitted,

_Manuel H. Newburger_
Manuel H. Newburger
State Bar No. 14946500
BARRON, NEWBURGER, SINSLEY, & WIER, PLLC
1212 Guadalupe, Suite 102
Austin, Texas  78701
(512) 476-9103
Fax:  (512) 279-0310

ATTORNEY FOR DEFENDANT
WOLPOFF & ABRAMSON, LLP

---

Defendants' Notice of Removal to Federal Court - Page 1

Ed Walton
State Bar No. 20828550
Barron, Newburger, Sinsley & Weir PLLC
101 Metro Dr., Suite A
Terrell, Texas 75160
(972) 499-4833
(972) 563-1598 (Facsimile)

ATTORNEY FOR DEFENDANT
LVNV FUNDING LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the _1st_ day of July, 2008, a true and complete copy of the foregoing was served in accordance with TEX. R. CIV. P. 21a upon Mr. Bryan  Powers, Attorney for Plaintiff, P.O. Box 1685 , Canyon Lake, TX, 78133.

Manuel H. Newburger