In the United States District Court
Western District of Texas
Austin Division

| | | |
|---|---|---|
| Gracie Lopez | § | |
| | § | |
| vs | § | Cause No. A08CA 510SS |
| | § | |
| LVNV Funding LLC et al | § | |

## Original Answer of LVNV Funding LLC

TO THE HONORABLE JUDGE OF THIS COURT:

The Defendant, LVNV Funding LLC (hereafter referred to as "LVNV" files Original Answer as follows:

1. Paragraph 1 of the Petition has no applicability to a removed action and is therefore denied. Discovery will be conducted in accordance with the Federal Rules of Civil Procedure.

2. Paragraph is 2 admitted.

3. Paragraph 3 of the Petition is not directed at LVNV and does not require a response.

4. Paragraph 4 of the Petition is admitted, save and except that LVNV denies that its principal purpose is the collection of debts.

5. Paragraph 5 of the Petition is non-sensical and is of no legal significance. Therefore LVNV is unable to respond. LVNV denies that is is responsible for the alleged wrongdoing of any other person or entity for which it could be held liable under any theory of recovery.

6. The first two sentences of Paragraph 6 are admitted. LVNV denies that

a process server is a "third party" under the FDCPA. LVNV denies the final sentence of Paragraph 6.

7. LVNV denies that the terms and phrases included in Paragraph 7 are *verbatim* quotations from the referenced petition.

8. LVNV can neither admit or deny the allegations in Paragraph 8.

9. Paragraph 9 is denied.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. LVNV denies that Paragraph 15 properly identifies a putative class. LVNV further denies that counsel for the Plaintiff, Bryan Powers, will adequately represent the class or is capable of adequately representing the class. LVNV further denies that this case may be properly certified as a class action, that the Plaintiff is an adequate class representative, or that the "claims" of the Plaintiff are typical or common with that of other class members.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied, including all sub-paragraphs.

18. Paragraph 18 is admitted or denied to the extent of the admission or denials set forth above.

19. Paragraph 19 is denied, including all sub-paragraphs.

20. Paragraph 20 is denied.

21. Paragraph 21 does not require a response.

22. Paragraph 22 is denied.

23. Paragraph 29 (incorrectly numbered) is denied.

24. In response to the Prayer, LVNV denies that the Plaintiff is entitled to any form of relief in this cause of action.

## Defenses

25. LVNV denies that the Plaintiff has stated a claim upon which relief can be granted.

26. LVNV denies that the Plaintiff has sustained any form of compensable damages, including actual damages.

27. LVNV denies that the Plaintiff is entitled to any form of statutory damages.

28. LVNV asserts that an award of statutory damages in the absence of actual damages would be a denial of their right to due process under the constitution and laws of the State of Texas and of these United States of America.

29. LVNV asserts that the claims of the Plaintiff, including the claims for class relief, are barred by the *Rooker-Feldman* doctrine.

30. LVNV asserts the defense of litigation immunity.

31. LVNV asserts that the conduct complained of was privileged.

32. LVNV asserts that Plaintiff's claims are barred by the First Amendment to the Constitution of the United States of America and by Article I, Section 8 of

the Constitution of the State of Texas.

33.     LVNV denies that this action satisfies the requirements of Federal Rule of Civil Procedure 23.

34.     LVNV asserts the defense of lack of standing.

35.     LVNV asserts the defense of estoppel.

36.     LVNV asserts the defense of waiver.

37.     LVNV asserts the defense of failure to mitigate.

38.     LVNV asserts that this cause of action was brought in bad faith and for the purposes of harassment. Pursuant to 15 USC 1692k(a)(3) LVNV is entitled to recover from the Plaintiff, their attorney's fees reasonable in relation to the time expended together with their costs of court.

WHEREFORE, LVNV requests that the Plaintiff take nothing by this suit, that any claim(s) for class be denied, that LVNV be allowed to recover their costs and attorney's fees and for such other and further relief, both at law and in equity, to which the Defendant may be justly and legally entitled.

Respectfully Submitted,

Barron, Newburger, Sinsley & Wier PLLC
101 Metro Dr., Suite A
Terrell, Texas 75160
(972) 499-4833
(972) 563-1598 (facsimile)

*Ed Walton* by: [signature] SBN 1494650

Ed Walton
SBN: 20828550

## Certificate of Service

This is to certify that a true and correct copy of this instrument was this day forwarded to:

Bryan Powers
P.O. Box 1685
Canyon Lake, Texas 78133
(830) 964-3763.

Manuel H. Newburger
Barron, Newburger, Sinsley & Wier PLLC
1212 Guadalupe, Suite 102
Austin, Texas 78701
(512) 279-0310

Signed this 3rd day of July, 2008.

Ed Walton by: Manuel H. Newburger
Ed Walton