UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

GRACIE LOPEZ                             §
                                         §
                                         §
V.                                       §        CASE NO. A-08-CA-00510-SS
                                         §
WOLPOFF & ABRAMSON LLP and               §
LVNV FUNDING LLC                         §

## JOINT DISCOVERY CONTROL PLAN

Pursuant to Rule 26(f), Federal Rules of Civil Procedure, the parties met by telephonic meeting on August 5, 2008 with Bryan Powers in attendance for plaintiff and Ed Walton in attendance for defendants.

1.    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

**Disclosures under Rule 26(a)(1) will be made by all parties within twenty-one (21) days from the date the court enters a scheduling order.**

2.    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

**Plaintiff's position: Discovery will be propounded on matters of company/entity affiliations; class questions; debt collection violations; and matters presented in defendants' dispositive motions. Plaintiff anticipates**

**propounding all discovery by March 1, 2009 and deposing defendant corporate representatives by April 3, 2009.**

**Defendant' position:** **Discovery regarding company/entity affiliation is not warranted. Areas of discovery which are warranted are class questions including typicality, commonality, adequacy of the class representative, and adequacy of plaintiff's counsel to represent the putative class which will include those matters to be considered by the Court as set forth in Rule 23(g)(1)(A)(i-iv)(B) & (C); the legal and factual basis for the claims of the plaintiff in this action; damages allegedly sustained by the plaintiff including the amount thereof; any and all relief sought by the plaintiff in this cause of action.**

3. Any issue relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

**Plaintiff's position:** **Plaintiff does not have any electronically stored information regarding this case. Plaintiff would request defendants to produce any electronically stored information on a compact disc(s).**

**Defendants' position:** **Information possessed by defendant Wolpoff & Abramson is subject to either the attorney-client or work product privileges. The essence of Plaintiff's claim is that Wolpoff allegedly violated the FDCPA in the course of representing its client in a lawsuit. All of Wolpoff's records**

pertain to its representation of Defendant LVNV.

Moreover, nothing about the claims asserted in this case would make electronically stored data either relevant or reasonably calculated to lead to the discovery of relevant evidence. Plaintiff's suit is based upon the theory that defendant's use of a private process server to serve a state court collections suit constituted an unlawful third-party communication in violation of the FDCPA. While defendant believes that such theory is sheer nonsense, the fact remains that relevant documents are paper documents, not electronic ones.

4.      Any issues relating to claims of privilege or of protection as trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in an order;

Plaintiff's position: Plaintiff requests determination by the court after a hearing on the matter of any claims of privilege or of protection asserted by Defendants; and would ask the court to enter an order regarding its determination.

Defendants' position: Given the nature of the services provided by Wolpoff to LVNV and the specific claims that Plaintiff has asserted, Defendant Wolpoff proposes that the Court eliminate the expense of privilege logs and

**the need for *in camera* inspections by prohibiting requests for any attorney-client or attorney work product material until and unless plaintiff makes a formal request to the Court demonstrating the potential relevance of any such materials and the need to have such logs and inspections.**

5.      What changes should be made in the limitations on discovery imposed under these rules or by local rule and what other limitations should be imposed and;

**Plaintiff's position: Plaintiff does not anticipate the need to change the limitations on discovery imposed under federal rule or by local rule. Plaintiff will ask leave of the court to serve additional interrogatories should it be necessary.**

**Defendants' position:   Defendant does not anticipate the need to change the limitations on discovery imposed under federal rule or local rule.**

6.      Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

**Plaintiff's position: Plaintiff does not anticipate any additional orders needed to be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

**Defendants' position:   As outlined above, the Defendants believe that a substantial waste of time and expense can be avoided by prohibiting requests for privileged material as described above.**

7.     Other matters regarding (a) possibilities for a prompt settlement or resolution

of the case and (b) magistrate judge.

**(a) Parties have filed a proposed scheduling order with date for**

**submitting and responding to a written offer of settlement by August 29, 2008**

**and September 19, 2008 respectively.**

**(b)  Parties do not consent to trial before a magistrate judge.**


Dated:  August 19, 2008



/s/ Bryan Powers
Bryan Powers
SBN: 16215700
PO Box 1685
Canyon Lake, TX 78133
Tel.  830 964 3762
Fax.  830 964 3763

Attorney for plaintiff



_____
Ed Walton
SBN: 20828550
101 Metro Dr., Suite A
Terrell, TX 75160
Tel.  972 499 4833
Fax.  972 563 1598

Attorney for defendant, LVNV Funding LLC

_____
Manuel H. Newburger
SBN: 14946500
1212 Guadalupe, Suite 102
Austin, TX 78701
Tel. 512 476 9103
Fax.  512 279 0310

Attorney for defendant, Wolpoff & Abramson LLP

_____