IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2008 OCT -8 PM 4: 32
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

**GRACIE LOPEZ,**
        **Plaintiff,**

-vs-                                        Case No. A-08-CA-510-SS

**WOLPOFF & ABRAMSON, LLP and LVNV FUNDING LLC,**
        **Defendants.**

## ORDER

BE IT REMEMBERED on the 8th day of October 2008 the Court reviewed the file in the above-styled cause, the arguments of counsel at the hearing, the relevant law, and the case file as a whole, and thereafter enters the following opinion and order.

This lawsuit was filed by Gracie Lopez ("Lopez"), who is represented by Bryan Powers ("Powers"). Lopez was sued in Guadalupe County state court by Defendant LVNV Funding LLC ("LVNV"). LVNV employed Defendant Wolpoff & Abramson ("Wolpoff"), a collection law firm, to file suit and collect a debt allegedly owed by Lopez. Lopez claims to be a victim of identity theft, and alleges LVNV and Wolpoff's debt collection practices violated the Fair Debt Collection Practices Act ("FDCPA"), and the Texas Debt Collection Practices Act ("DCPA"). 15 U.S.C. §§ 1692 et seq.; TEX. FIN. CODE §§ 392.001 et seq. This case was removed to federal court on July 1, 2008 pursuant to 28 U.S.C. §§ 1331 and 1446(a), based on federal question jurisdiction.

Powers, on behalf of Lopez, filed a Motion for Class Certification [Docket # 7] requesting certification of "all persons (i) with addresses in Texas, (ii) to whom a communication in the form of



Exhibit A [the petition and citation in the current case] was served, (iii) in an attempt to collect an alleged debt incurred for personal, family, or household purposes, and (iv) which was not returned to sender unserved." Pl.'s Supporting Memo. at 2.

The Court finds this motion for class certification to be so groundless in law or fact that Powers, by signing it, has violated Rule 11 of the Federal Rules of Civil Procedure. When Powers signs pleadings in this case, he must, under the law, be certifying to the best of his knowledge, information, and belief formed after an inquiry reasonable under the circumstances that his pleadings are not being presented for any improper purpose such as to harass or cause unnecessary delay or needless increase in the cost of litigation; that his claims and legal contentions are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law; that his allegations of factual contentions have evidentiary support.

Powers' motion is groundless for multiple reasons. Under Rule 23(a), a plaintiff seeking to be certified as the representative of a class must meet four familiar qualifications: (1) the class is so numerous joinder of all members is impracticable; (2) there are common questions of law or fact to the class; (3) the claims or defenses of the putative class representative are typical of those of the class; and (4) the plaintiff and her attorney will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). On every single prong of this criterion Powers evidenced either ignorance of or disregard for the requirements of the law, and failed entirely to investigate the facts of Lopez's case (and the putative cases in the class he seeks to certify) to ascertain whether class certification is merited under this test.

For instance, the first element of Rule 23 requires numerosity; in other words, that the number of potential class members is so numerous as to make joinder of all those persons

impracticable. Powers' only factual allegation relating to numerosity is that there are 5 cases against LVNV on appeal in Texas involving debt collection; by his own admission he has made no other effort—aside from checking Pacer to find the cases on appeal—to identify or investigate potential claims. When asked in his deposition what information he had in his possession upon which to base his allegation of numerosity, he stated "I don't remember. I'm not sure." Powers Depo. at 37:9. He went on to say he believed he had no duty to inform himself of the facts before he filed an allegation. *Id.* at 37:10-13.

The second element of Rule 23 requires commonality—common questions of law or fact among potential class members which predominate over questions affecting individual members. The only issue in common in this extremely broad putative class would be the fact that all class members would be Texas residents who were sued by one of the Defendants to collect a consumer debt. But Wolpoff collects debt on behalf of many other debt buyers and issuers, and LVNV claims to have individualized defenses against many of the putative class members. Powers argues there would be commonality of damages in this class—that is, he would allege *only* statutory damages. Powers shows total disregard for the fact that by certifying his broad proposed class, and alleging only statutory damages, he would effectively eliminate all remedies over and above the statutory damages for all other plaintiffs who were unwittingly included in that class. As long as they were Texas residents who were sued by one of the Defendants to collect a consumer debt (and did not have the sophistication or foresight to opt out of his class), they would be barred by *res judicata* from claiming any damages other than the statutory damages he chooses to allege. Yet these very damages, Powers claims, are what provide commonality among the class members! Powers represents a very real danger to putative class members, which The Fifth Circuit has recognized:

"because absent class members are conclusively bound by the judgment in any class action brought on their behalf, the court must be especially vigilant to ensure that the due process rights of all class members are safeguarded through adequate representation at all times."[1]  *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 480 (5th Cir. 2001).

The third requirement, typicality, "focuses on the similarity between the named plaintiffs' legal and remedial theories and the legal and remedial theories of those whom they purport to represent." *Lightbourn v. Cty. of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997). Although the test is not demanding, it is clearly not met in this case based upon the evidence produced by Powers. Lopez, his client, claimed in her own deposition she was typical *only* of the class of people who, because of identity theft, did not owe the money for which they were sued by Defendants. Lopez Depo. at 104:9-12. Lopez will present individualized defenses based on her unique circumstances. However, this more limited class is not the class on whose behalf Powers has sued, and he makes no effort to limit the scope of the class.

Finally, it is with regards to the adequacy requirement that Powers has really shown his total disregard for the law. The requirement, essentially, is that Lopez and her attorney must fairly and adequately represent the interests of the other class members. *Gonzales v. Cassidy*, 474 F.2d 67, 72-73 (5th Cir. 1973). This prong requires: (1) the representative must have common interests with the unnamed members of the class; and (2) it must appear the representative will vigorously prosecute the interests of the class through qualified counsel. *Id.* The Fifth Circuit has determined the adequacy requirement "mandates an inquiry into (1) the zeal and competence of the representative's counsel

---

[1] Although the Fifth Circuit made this observation while discussing the adequacy requirement, discussed below, the Court thought the quotation pertinent here to illustrate the dangerousness and thoughtlessness of Power's sweeping approach to commonality to this case.

-4-

and (2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Berger*, 257 F.3d at 479 (internal quotations omitted).

Although the zeal and competence of Powers, as counsel for the representative (Lopez), has already been discussed, it must be addressed again here as Powers asks to be certified as class counsel although it is abundantly clear he is inadequate to represent the interests of this putative class. In fact, Powers has been subject to sanctions by Judge Hinojosa, after repeated warnings, based on his handling of a prior class action case. Def.'s Joint Resp. at Appendix A. In the past, Powers has filed 39 class action suits and by his own admission he has **never won any form of relief** for any member of any class. Powers Depo. at 150:13-16; 246:13-17. Not only that, but he has never sent out notice to a single class and he seems unaware it would be his obligation to do so were a class certified. *Id.* at 65:1-5; 246:4-12. In short, Powers seems to be completely ignorant of his legal requirements as class counsel.

Furthermore, Powers is unabashedly ignorant of the law applicable to this case. For instance, Powers filed Plaintiff's Motion for Partial Summary Judgment [Docket #18] after he had filed his motion for class certification in this case—apparently without regard for the fact that if the Court had granted the motion for summary judgment, his class could not have been certified. His ignorance or disregard of the law is further apparent, if more evidence is needed, in his deposition. For instance, when asked whether he researched the law surrounding one of his central allegations (whether service of process by a deputy constable could constitute an impermissible third party communication pursuant to § 1692c of the FDCPA), he stated he had done absolutely *no* research on the central question—whether the process server could be considered a "third party" under the

statute.[2] *Id.* at 154:17-21. Powers could not even name the four requirements for certification of a class action under Rule 23, although they have undoubtedly been paramount in each of his 39 previous cases.[3] *Id.* at 136:13-137:6. Likewise, he appeared to have no conception of what qualifies a client as a class representative—he stated he believes a client *can* be qualified even if they do not even know whether or not they are involved in a class action!

Lopez is also an entirely inappropriate representative plaintiff, although Powers seems to have no conception of this fact. Lopez testified in her deposition she doesn't know what a class action is, she was not aware of the lawsuit when it was filed, and she does not know what it means to be a class representative or what her duties as class representative would entail. Lopez Depo. at 91:11-21. Lopez testified that until about three weeks before her deposition (which took place on September 11, 2008), she had no idea she was a plaintiff in a lawsuit, much less a putative class representative, nor any idea that a lawsuit had been filed! *Id.* at 37:9-14. The lawsuit, however, was filed on her behalf on June 9, 2008—two months at least before Lopez, according to her own testimony, ever knew of it. Likewise, Lopez testified a month before her deposition was the first time she had ever met or spoken to her attorney. *Id.* at 8:20-21. Finally, Lopez testified unequivocally she is concerned with her *own* damages and fees and is not focused on the interests of the putative class. *Id.* at 91:23-92:14.

---

[2]Specifically, Powers (on behalf of Lopez) argues a state court petition and citation sent via a deputy constable process server are improper "communications" under the FDCPA—assuming the process server reads them—if they contain misrepresentations of law or fact.

[3]These requirements have been referred to by the Fifth Circuit as the "four...familiar requirements of rule 23(a)." *Berger*, 257 F.3d at 479.

In summary, the Court finds the pleadings requesting class certification are wholly frivolous and have no support in fact or law whatsoever.

### Conclusion

In accordance with the foregoing:

IT IS THEREFORE ORDERED Plaintiff's counsel, Bryan Powers, by filing Plaintiff's Motion for Class Certification, has violated Rule 11 of the Federal Rules of Civil Procedure and, therefore, has twenty-one (21) days in which to file a voluntary dismissal of this lawsuit against all defendants or sanctions will be applied by the Court pursuant to Rule 11, including a money judgment for the attorney's fees incurred by all parties sued, and this judgment will be rendered against Powers with a writ of execution issued against him. At the end of the twenty-one day period, the Court will also, pursuant to its inherent authority, issue such other sanctions as are necessary and proper if Powers has not filed a voluntary dismissal.

SIGNED this the 8th day of October 2008.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE