In the United States District Court
Western District of Texas
Austin Division

| Gracie Lopez | § | |
| --- | --- | --- |
| | § | |
| vs | § | Cause No. 1:08-cv-00510-SS |
| | § | |
| LVNV Funding LLC et al | § | |

# Memorandum in Support of Defendants' Joint Motion for Relief Pursuant to 28 USC 1927

TO THE HONORABLE JUDGE OF THIS COURT:

LVNV Funding LLC and Wolpoff & Abramson LLP (hereafter referred to, collectively, as "Defendants") file this Memorandum in Support of Defendants' Joint Motion for Relief Pursuant to 28 USC § 1927 and in support thereof would show:

1. Defendants incorporate herein their Joint Motion for Relief Pursuant to 28 USC § 1927 the same as if fully copied and set forth at length.

2. The standard for an award of attorney's fees under 28 USC § 1927 is vexatious multiplication of litigation, *Lewis vs Brown & Root*, 711 F2d 1287, 1292 (5th Cir. 1983), which is a lower standard than that of bad faith, *Jones vs Continental Insurance*, 789 F2d 1225, 1230 (6th Cir. 1986).

3. The conduct of the attorney for the Plaintiff resulted in multiplication of this litigation in two ways, 1) by filing this suit as a class action when it should have been brought, if at all, on an individual basis and 2) by making this class

action litigation more onerous and time-consuming than was necessary, even for class action litigation.

4. Class actions, by their very nature, are far more time consuming that other types of litigation. There is inherent in a class action the necessity of additional discovery, pleading, and planning due to the requirement of preparation of a response to a motion for class certification.

5. There is also a practical component which renders class action litigation far more time consuming. In every instance, class actions involve the perception on the part of the defendants of the danger of a substantial, possibly crippling, adverse judgment. Due to this greatly heightened risk faced by class action defendants, they are forced to retain more experienced (and in many instances, more expensive) attorneys and law firms to defend them.

6. At the same time, Defendants are unwilling to "cut corners" or to take even the slightest risk of loss at any stage in the proceedings. A defendant in an individual action might choose to forego extensive research into an area of the law when it would appear that such research would probably not be fruitful. However, class action defendants are never willing to forego any possibility, no matter how slight, of proving up a defense and will in every instance approve the expenditure of resources necessary to pursue every possible nuance which could favor them.

7. Similarly, in an individual suit there may be testimony or other evidence that a defendant might not pursue either due to the expense involved or the

degree to which it is believed such evidence will assist in the defense.  By way of contrast and as an example, the retention of an expensive expert witness might be viewed as "overkill" in an individual action.  An individual defendant might very well view the expense of obtaining a written opinion from such expert, taking their deposition including the expense(s) of travel to the locale of the expert, and in having the witness travel to the locale of a hearing or trial, as being not cost effective in analysis of the risk versus the reward.  In a class action, no defendant would be able to afford to take the risk of not retaining the same expert and thereby incurring the same expenses.

8.  As shown, class actions by their very nature result in the multiplication of litigation.  In this instance, such multiplication of litigation was vexatious and should not be tolerated.  The vexatious nature of bringing this class action litigation is shown by the following[1]:

   a.   Plaintiff's counsel filed this suit as a class action knowing that he had filed thirty-eight (38) prior unsuccessful class action;

   b.   the suit was filed without the knowledge of the Plaintiff;

   c.   suit was filed as a class action without consultation with the Plaintiff, without the Plaintiff's agreement to represent the class, and under circumstances in which the Plaintiff clearly had no desire to act on the behalf of anyone other than herself;

   d.   suit was filed as a class action under circumstances in which it would have been virtually impossible to establish the class action elements of typicality and commonality, eg. the Plaintiff claims to

---

[1] All of these examples are set forth in the Defendants' Joint Response to Motion for Class Certification.  Consequently, citations to the record showing the existence of these circumstances are not included.

        be a victim of identity theft and therefore has no knowledge of the underlying debt including whether or not such indebtedness was actually owed by anyone and whether or not such indebtedness was incurred for personal, family, or household purposes;

    e.    suit was filed with no knowledge of or basis for the allegations of numerosity;

    f.    Plaintiff's counsel had insufficient knowledge and experience to represent a class;

The examples set forth, above, are intended to be illustrative and not an exhaustive narration of the vexatious nature in which this suit was brought and prosecuted.

9. Even if there had been a basis for bringing this suit as a class action, which the Defendants strenuously deny, the manner in which it was brought and prosecuted was vexatious and multiplied the litigation, even though brought as a class. The Plaintiff's motion for class certification can only be described as having been filed in a cursory manner, with little time or effort expended.

10. Somewhat paradoxically, it is far more difficult and time-consuming to respond to a class certification motion of this nature than one which was well-prepared and thought out. Due to the vague nature of the Plaintiff's motion, the Defendants were forced to respond to every conceivable possibility which could have been raised by the Plaintiff. In contrast, a pointed and properly directed motion for class certification identifies the areas which must be addressed by the respondent, resulting in a far less difficult task in preparing a

response.

11.  Defendants took the deposition of the Plaintiff which, again, took far longer (by a factor of two to three) than would have been necessary in an ordinary situation.  A Plaintiff, class action or otherwise, who knows that shi is involved in a lawsuit and knows what the lawsuit is about and why she brought the suit is far more easily questioned than one, like Ms. Lopez, who was clueless.  Attorneys deposing such a witness must pursue every possible contention, traveling every possible "rabbit trail," to determine what they are being accused of and the basis for such allegations, especially in the context of a class action.

12.  Defendants also took the deposition of counsel for the Plaintiff, Bryan Powers.  Normally, this type of deposition would take no more than two hours.  However, the deposition of Mr. Powers took an entire day.

13.  The time needed to complete the deposition of Bryan Powers was multiplied by the contentious nature of his responses and his unheard of lack of knowledge regarding the underlying facts of this suit, the laws applicable to the causes of action asserted by him, and the procedural requirements of this type of litigation - not limited to the case being brought as a class action.  These circumstances required numerous "follow up" questions and lines of questioning that would not have otherwise been required.

14.  The nature of the deposition testimony, both of Ms. Lopez and Bryan Powers, also greatly multiplied the time and effort required to prepare the

Defendants' Response to Motion for Class Certification.  Both the length of the depositions and the nature of the answers given required far more research and review than should have been necessary.  This is shown not only by an overall review of these depositions, but the numerous citations to these depositions included in the Defendants' response to the certification motion.

15. Attached hereto are the affidavits of Manuel H. Newburger and Ed Walton which set forth the time and efforts expended in the defense of these matters.  These affidavits are incorporated herein the same as if fully copied and set forth at length and they are submitted in support of the claims made by Defendants under both 28 USC § 1927 and Fed. R. Civ. P. 11.

WHEREFORE, the Defendants respectfully request that the Court grant their request for an award of attorney's fees pursuant to 28 USC § 1927 and for such other and further relief, both at law and in equity, to which the Defendant may be justly and legally entitled.

Respectfully submitted,

/s/Manuel H. Newburger
Manuel H. Newburger
State Bar No. 14946500
BARRON, NEWBURGER, SINSLEY & WEIR PLLC
1212 Guadalupe, Suite 102
Austin, Texas  78701
(512) 476-9103
Fax:  (512) 279-0310

ATTORNEY FOR DEFENDANT
WOLPOFF & ABRAMSON, LLP

/s/Ed Walton
Ed Walton
SBN: 20828550
BARRON, NEWBURGER, SINSLEY & WEIR PLLC
101 Metro Dr., Suite A
Terrell, Texas 75160
(972) 499-4833
(972) 563-1598 (Facsimile)

ATTORNEY FOR DEFENDANT
LVNV FUNDING, LLC

## Certificate of Service

I, the undersigned attorney, hereby certify that a true and correct copy of this instrument has this day been served through the Courts ECF system.

/s/Ed Walton
Ed Walton