## Affidavit

| STATE OF TEXAS | § |
| --- | --- |
|  | § |
| COUNTY OF KAUFMAN | § |

BEFORE ME, the undersigned authority, on this day personally appeared Ed Walton, who being by me duly sworn deposed as follows:

"My name is Ed Walton. I am over the age of eighteen (18) and of sound mind and am competent to make this affidavit, and am personally acquainted with the facts herein stated. I have never been convicted of a felony or misdemeanor involving moral turpitude.

"I am an attorney licensed to practice law in the State of Texas. In addition, I am board certified in Civil Trial Law and Commercial and Consumer Law by the Texas Board of Legal Specialization. I am the attorney of record for the Defendant, LVNV Funding LLC (hereafter referred to as "LVNV"), in Cause No. A08-CA-510ss styled *Gracie Lopez vs Wolpoff & LVNV Funding LLC, et al* presently pending before the United States District Court, Western District of Texas, Austin Division (hereafter referred to as "this suit"). The issues before the Court in this suit are within these areas of specialty.

"For most of my career, my practice has involved representing both plaintiffs and defendants in causes of action involving the Fair Debt Collection Practices Act (hereafter referred to as "FDCPA"), 15 USC 1692 *et seq*, the Texas Debt Collection Practices Act, Tex. Fin. Code § 391.001 *et* seq, the Uniform Commercial Code, the Texas Deceptive Trade Practices - Consumer Protection

Act (DTPA), § 17.41 *et seq* Tex. Bus. & Comm. Code and related statutory and common law causes of action. My practice is state wide, having represented clients in all areas of the State of Texas.

"As a solo practitioner, I maintained offices in Amarillo, San Antonio, Dallas and Terrell, Texas. Currently (from January 1, 2007 to the present) I am of counsel with the firm of Barron, Newburger, Sinsley & Wier PLLC (hereafter referred to as "the firm") which has offices in Austin, Houston, and Terrell, Texas as well as Tampa, Florida and Scarsdale, New York. I am therefore familiar with and knowledgeable of the usual and customary fees associated with representing clients in this type of action throughout the State of Texas. As a result of all of the above, I am likewise familiar and knowledgeable of the usual and customary and reasonable and necessary attorney's fees for representing parties in this type of action.

"Attached hereto are time records reflecting the actual time expended in representing LVNV in this cause. These records accurately reflect the time expended and the reason(s) for such expenditure of time.

"It is my opinion, based upon my background, training, qualifications and experience that a reasonable and necessary, usual and customary, fee for representing LVNV in this cause, as of the date of this affidavit, is in the amount of $36,470, which does not take into account $2,295.58 in expenses. It is further my opinion that a reasonable and necessary, usual and customary

fee for representing LVNV solely in defending the class action allegations in this cause is $33,425.00.

"In reaching this opinion, I have considered the following factors:

## The Time and Labor Required

"With regard to the time and labor required, the attached Exhibit A accurately reflects the time expended in representing LVNV in this cause as well as the reason for such expenditure. It is my opinion that all of the time reflected in the attached records is properly attributable to this case and that such time is reasonable and necessary in this case.

"Defendants deliberately refrained from engaging in wasteful motion practice. Although the Defendants believed that Plaintiff's suit was based upon frivolous theories, because the Original Petition alleged misrepresentations by Defendants they felt that a motion under Fed. R. Civ. P. 12(b)(6) was inappropriate and, at best, likely to result in a motion for leave to amend. They did not seek summary judgment or judgment due to the pending motion for class certification.

The Defendants were unable to depose the Plaintiff prior to September 11, 2008, a necessary prerequisite to a comprehensive motion for summary judgment. While the Defendants could have filed a motion for summary judgment on the pleadings, only, the Defendants were, and are, of the belief that any motion for summary judgment should include all possible basis for the granting of such motion, rather than filing multiple motions for summary

judgment. By the time that the Defendants were able to obtain the transcript of the Plaintiff's deposition, the deadline for filing their response to the motion for class certification (previously extended by the Court until October 1, 2008) was less than two weeks away. As the Court can determine from the attached Exhibit A, there was time for little else between the acquisition of the deposition transcript and the filing of the Defendant's Response to Motion for Class Certification.

Exhibit A shows that Defendant's legal fees have been incurred in the defense of this litigation, and on matters on which they have been successful thus far. Also, it can readily be determined that the vast majority of the Defendant's legal fees have been incurred in defense of the Plaintiff's class action allegations.

"If this had been an individual action by Ms. Lopez, it is my opinion that the case would have been far simpler both factually and legally, and that case would have probably been concluded with a motion for summary judgment within thirty days after the taking of Plaintiff's deposition. Instead, it was necessary to answer the suit, effectuate the removal to federal court, depose not only Ms. Lopez, but also her attorney (which would not have been necessary absent the class action allegations), prepare the response to the Motion for Class Certification, and prepare for and participate in the class certification hearing.

"By their very nature, a putative class action is much more difficult to resolve than an individual case. In almost al instances, FDCPA cases do not involve actual damages. The only damages recoverable are the statutory damages under the act which, a maximum of $1,000. These cases are frequently settled by an offer of judgment, by offering the $1,000 statutory damages plus attorney's fees which at the early stages of the litigation are minimal.

"In comparison, there are numerous impediments to settling a putative class action. Most class action attorneys (which does not include Plaintiff's counsel in this cause, for the reasons set forth in the Defendants' response to motion for class certification) realize that any attempt to settle a case on an individual basis creates a conflict between the class and the putative class representative. Due to the nature of a class action, any settlement on a class basis is prohibitively expensive and, as a result, for all practical purposes settlement negotiations never place in a class action during the early stages of the litigation.

### The Novelty and Difficulty of the Questions

"From one perspective the issues in this case were neither novel nor difficult. However, while it appears on its face to be patently ridiculous, the theory of Plaintiff's counsel that delivering a petition and citation to a process server is an unlawful third-party communication by a debt collector is not a theory addressed in the case law. As it is difficult to find a case which says

that the sun rises in the east so, too, is it difficult to find a case which says that delivery of the state court collection suit to the constable for service is not an unlawful communication to a third party. The concept is so basic that it does not need case authority; however, it is also so basic that finding case law to throw at opposing counsel is not feasible. To that extent the issues raised were "novel."

"However, with regard to challenging certification the issues were difficult. Mr. Powers was evasive, uncooperative, and cantankerous in his deposition. The deposition of an attorney who was knowledgeable in the area of class action litigation would have been far less difficult that deposing Bryan Powers, attorney for the Plaintiff. Deposing a knowledgeable attorney would not have involved extensive questioning regarding 1) unsuccessfully attempting to prosecute thirty-eight (38) other class actions, 2) whether or not putative class counsel had the obligation to consult with the putative class representative before making an offer of settlement, 3) whether or not class counsel should convey settlement offers received to a class representative, 4) whether or not class counsel was responsible for sending out notice to the class, 5) whether or not the financial resources class counsel would commit to the class action was relevant to the issue of class certification, or 6) showing the unheard of lack of knowledge of putative class counsel regarding both the substantive and procedural issues involved in the litigation.

"This case actually involved a fight over all four elements of Rule 23(a), which is virtually unheard of. In every class action in which I have been involved, either representing the plaintiff or the defendant, at least one of those elements was not in dispute. Adequacy of class counsel is almost never in dispute. Furthermore, it is generally rather difficult to challenge the adequacy of putative class counsel. Some of the most mediocre lawyers in the consumer bar have succeeded in getting certified as class counsel. I regard a challenge to the adequacy of a class representative and her attorney as difficult, even with the poor lawyering and ridiculous theories asserted by Plaintiff's attorney in this case. Also, in many instances, commonality is not in dispute.

**The Skill Required to Perform the Legal Services Properly**

"As a general matter above-average legal skill is needed to defend a class action. This type of case typically requires attorneys with extensive experience in both consumer law and class actions. It is necessary for an attorney who is defending a putative class action under the FDCPA to have a comprehensive understanding of this statute and the case law interpreting same to be able to determine what issues are to be properly raised in defense of both the commonality and typicality requirements for class certification. Without knowing both the elements necessary to prevail under the FDCPA and the defenses thereto, an attorney would be unable to ascertain, first, what issues were pertinent and, next, how to attack (where applicable) the commonatlity of

those issues. The same is true of the typicality issues and the issue of adequacy of class counsel and the class representative.

"The depositions of both the Plaintiff and her attorney are attached to the Defendants' response to motion for class certification. The questions posed to these witnesses, including follow up questions, reveal the experience and knowledge of counsel for both LVNV and Wolpoff & Abramson LLP (hereafter referred to as "Wolpoff"). The attorneys for the Defendants were only able to obtain the admissions in the depositions in this case due to their high degree of expertise and experience.

## D. The Preclusion of Other Employment Due to Acceptance of this Case

"It is fundamental that an attorney can only handle so many cases at one time. While the number of cases that any individual lawyer can handle depends upon both the attorney and the nature of his or her caseload, the fact remains that there is a direct correlation between how large and time-consuming a case is and its impact on an attorney's total case capacity. As a class action, this suit has limited the ability of defense counsel, and their firm, to take on other cases. When defending a class action, it is necessary to anticipate that a large percentage of the responsible attorney's time will be required. Consequently, it is necessary to reserve large portions of the attorney's available time in anticipation of the amount of work required in defense of a class action. This seriously restricts the ability of an attorney, or

firm, to accept new cases or clients. In the example of this case, two of the firms's attorneys with the most extensive experience in consumer litigation as well as class action litigation were required to expend a large amount of time solely in the defense of this case.

## The Customary Fee

"My standard rate is $350.00 per hour. Such an hourly rate is consistent with (although lower than) the fees charged by attorneys with experience and qualifications comparable to mine in the State of Texas for consumer class actions. Furthermore, given my qualifications and experience described below, it is a reasonable rate that is less than the rate charged by other Texas attorneys with similar qualifications and similar practices. A full market rate for a lawyer with my experience and expertise in consumer law and class action matters is $475 to $550 per hour, and more. By way of example, I am currently involved, as an expert witness, in a suit to recover alleged unpaid attorney's fees in which an attorney in Dallas, Texas who is not board certified in any area has testified that he routinely charges his clients $700 per hour.

## The Amounts Involved and the Results Obtained

"In this case, the work that was done in deposing the Plaintiff and her attorney and in responding to the motion for class certification has resulted in defeat of the class certification, a finding that Plaintiff's counsel has violated Rule 11, and a substantial victory for my client. Based upon my experience in

defending consumer class actions in throughout the State of Texas this is, in my professional opinion, an outstanding result.

## The Time Limitations Imposed by the Client or by the Circumstances

"This was not a significant factor. However, because of the limited amount of time to which Plaintiff's counsel would agree for an extension of time to respond to the motion for class certification we had to begin preparing the response to the motion using rough drafts of the depositions. This resulted in the final response taking longer than it would have taken if we could have waited until the final transcripts were prepared.

## The Nature and Length of the Professional Relationship with the Client

"I have represented LNVV in a number of other matters. The rate of $350.00 per hour is my standard rate for this client. The rate has not been increased for the last two years. Due to the rapport and the level of trust and confidence existing between myself and the firm and LVNV, the attorney's fees incurred by LVNV are substantially less than would otherwise have been the case. As a result of this on-going relationship, I was able to represent LVNV in the defense of this case with far less time spent in explanations and client conferences.

"I have also represented Wolpoff in a number of other matters. In addition, the firm has a long-standing relationship with Wolpoff. When more than one defendant is involved in a case, the actions or omissions of each co-defendant has

a bearing on the outcome of the litigation as to the other. When involved in litigation where one or more of the co-defendants is unfamiliar with the experience and expertise of counsel for the co-defendant, it is necessary to "watch your back" with regards to the actions, or inaction, of co-counsel.

Because of the trust and confidence with which both LVNV and Wolpoff view my co-counsel, Manny Newburger, the firm, and myself, we were able to avoid unnecessary and expensive duplication of efforts. Also, due to this existing relationship, and the trust and confidence of these clients in the firm and the individual attorneys involved, Mr. Newburger and myself were able to conduct much of our efforts without extensive consultation with the clients. We were not required to seek prior approval for many actions, e.g. taking depositions and matters of tactics and strategies, which would have been required with a relatively new client.

## The Experience, Reputation, or Ability of Defendant's Attorneys

"I am a 1974 graduate of Southwest Texas State University in San Marcos, Texas with a B.S. in biology and chemistry and a 1986 graduate of Baylor Law Schoo. I have been licensed to practice law in the State of Texas since November 19, 1986. I am admitted to practice law before the United States Supreme Court, the United States Courts of Appeals for the Fifth Circuit, all four United States District Courts for the State of Texas, as well as the Texas Supreme Court and all lesser Texas state courts.

"I am board certified in both Civil Trial Law and Consumer and Commercial Law by the Texas Board of Legal Specialization. I was appointed by the State Bar of Texas to serve on the Consumer Law Advisory Commission (hereafter referred to as "the Advisory Commission") which was charged with determining whether or not a certification in consumer law as needed, the feasability of establishing a certification in consumer law, and the qualifications and guidelines for a proposed certification in consumer law. I was appointed to serve as Vice-Chair of the Advisory Commission as well as the Chairman of the Steering Committee for the Advisory Commission. Once consumer law certification was approved by the State Bar of Texas, I was appointed to serve as the Vice Chair of the Consumer Law Certification Commission (hereafter referred to as "the Commission"), where I served from 1993 to 1999. I also served as the Chairperson of the Examination Committee for the Commission, where I was responsible for writing and grading the examination for certification in consumer law for the first ten years after certification in consumer law was approved.

"I served as a member of the Consumer Law Council of the State Bar of Texas from 1989 to 2002, acting as the Treasurer for that organization from 1995 to 1997, and the Chairperson from 1998 to 1999.

"I am a frequent speaker on issues of consumer law and trial practice and strategy at Continuing Legal Education Programs sponsored by the State Bar of Texas, Baylor Law School, the University of Houston Law Foundation, South

Texas College of Law, St. Mary's School of Law, the Consumer Law Council of the State Bar of Texas, and the National Association of Consumer Advocates.

### Whether the Fee Is Fixed or Contingent

"I have performed all of my services on an hourly basis, and LVNV has paid all of my bills in a manner which I consider to be timely.

## Conclusions Regarding Fees

"It is my opinion that the reasonable and necessary attorney's fees and costs incurred in defending this case, through the date of this affidavit, are $36,470.00. If the Court chooses to segregate the fees incurred solely in defending the class action portions of this case it is my opinion that the reasonable and necessary attorney's fees and costs incurred in defending just Plaintiff's efforts at securing class certification are $33,425.00. Neither of these amounts includes any time for the preparation of this fee affidavit or in preparation of the memorandum to which it is attached. It is further my opinion that such fees are usual and customary in a case of this type.

"It is further my opinion that $350.00 per hour is a reasonable, necessary, usual, and customary rate for the fees to be incurred in presenting this motion and that such rate is below the applicable market rate for attorneys with my background, training and experience.

"It is further my opinion that should this case be appealed the sum of $18,750.00 would be a reasonable and necessary fee to respond to and argue an appeal to the United States Court of Appeals for the Fifth Circuit, and that

$37,500.00 would be a reasonable fee to brief and argue this case before the United States Supreme Court.

"All opinions expressed herein are based upon the factors listed above and my background, training, qualifications and experience as set forth herein.

"I further state that I have read the above and foregoing affidavit, and that every statement contained therein is within my personal knowledge and is true and correct."

Signed this 7th day of November, 2008.

_____
Ed Walton

STATE OF TEXAS       §
                     §
COUNTY OF KAUFMAN    §

Before me, the undersigned notary public, in this day personally appeared Ed Walton, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that they executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 7th day of nov., 2008.



DEBI L. WALTON
Notary Public
STATE OF TEXAS
My Commission
Expires 11/28/2011

_____
Notary Public, State of Texas



**Barron, Newburger, Sinsley & Wier, PLLC**
The Penthouse
1212 Guadalupe, Suite 104
Austin, TX 78701-1837
(512) 476-9103
Tax Identification No. 20-8124244
BNSW Acct No. EW-TBD
Invoice No.   13839

November 7, 2008

Invoice submitted to:

James R Bedell
Moss & Barnett
4800 Wells Fargo Center
90 South 7th Street
Minneapolis MN 55402

Re: Invoice for legal services rendered in the matter of Lopez v. LVNV through November 5, 2008

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 6/28/2008 | EW | Review file documents furnished by client. | 1.00 | 350.00 |
| | EW | Review Motion to Remove prepared by Manny Newburger; preparation of Original Answer to Complaint. | 1.20 | 420.00 |
| 7/3/2008 | EW | Telephone conference with Manny Newburger regarding federal court filings. | 0.30 | 105.00 |
| | EW | Telephone conference with Manny Newburger regarding federal court filings. | 0.30 | 105.00 |
| 7/22/2008 | EW | Review Motion for Class Certification and Plaintiff's Opening Memorandum and Exhibits. | 0.60 | 210.00 |
| 7/23/2008 | EW | Review proposed Rule 11 motion to be filed by W&A; telephone conference with opposing counsel regarding extension of time to file response to class certification motion; email to Keith Wier and Manny Newburger regarding extension of time and Rule 26(f) conference. | 0.90 | 315.00 |
| | EW | Attempt to co-ordinate schedules for Rule 26(f) conference. | 0.20 | 70.00 |
| 7/24/2008 | EW | Telephone calls and emails to Manny Newburger, Keith Wier, and Bryan Powers to schedule Rule 26(f) conference; preparation of letter to opposing counsel setting forth agreement regarding the Rule 26(f) conference and an extension of time to respond to Motion for Class Certification. | 1.00 | 350.00 |
| | EW | Telephone calls and emails to Manny Newburger, Keith Wier, and Bryan Powers to schedule Rule 26(f) conference; preparation of letter to opposing counsel setting forth agreement regarding the Rule 26(f) conference and an extension of time to respond to Motion for Class Certification. | 1.00 | 350.00 |
| 7/25/2008 | EW | Preparation of Motion for Extension of Time to File Response to Motion for Class Certification and proposed order. | 0.80 | 280.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 7/26/2008 | EW | Review proposed scheduling order received from opposing counsel. | 0.30 | 105.00 |
| 8/4/2008 | EW | Letter to opposing counsel regarding conference call on August 5 | 0.20 | 70.00 |
| | EW | Telephone conference with Keith Wier regarding his ability to attend Rule 26(f) conference due to approaching hurricane; discussion regarding issues he would like resolved if unable to attend | 0.40 | 140.00 |
| | EW | Initial preparation of Notice of Intention to Take the Oral Deposition of Bryan Powers including subpoena duces tecum. | 1.60 | 560.00 |
| | EW | Lengthy telephone conference with opposing counsel in an attempt to resolve discovery issues without the necessity of a hearing; review correspondence with client regarding same to further determine what resolution could be reached | 0.90 | 315.00 |
| 8/5/2008 | EW | Lengthy telephone conference with Keith Wier regarding scheduling order and Rule 26(f) conference; discussion of future strategy's and ways to attack adequacy of Bryan Powers as class counsel; (actual time expended during telephone call greater than amount stated). | 1.00 | 350.00 |
| | EW | Rule 26f conference with opposing counsel; preparation of letters to opposing counsel regarding conference; correspondence to Keith Wier and Manny Newburger advising of results of conference. | 0.40 | 140.00 |
| | EW | Preparation of letter to opposing counsel regarding their refusal to provide deposition dates and requesting that they reconsider. | 0.30 | 105.00 |
| | EW | Preparation of Requests for Production, Notice of Intention to take the Oral Deposition of Gracie Lopez (with subpoena duces tecum), and Notice of Intention to Take the Oral Deposition of Bryan Powers. | 2.40 | 840.00 |
| | EW | Review and edit deposition notices to comply with requests of co-counsel. | 0.30 | 105.00 |
| | EW | Preparation of letter to opposing counsel offering to take one deposition of Bryan Powers instead of two | 0.30 | 105.00 |
| 8/6/2008 | EW | Preparation of Rule 11 Motion and safe harbor cover letter. | 0.50 | 175.00 |
| 8/12/2008 | EW | Review scheduling order and return to opposing counsel. | 0.30 | 105.00 |
| 8/13/2008 | EW | Review proposed discovery control plan; preparation of amendments to plan. | 0.80 | 280.00 |
| 8/14/2008 | EW | Continued preparation of discovery control plan; forward to attorney for Wolpoff & Abramson for consideration. | 0.80 | 280.00 |
| | EW | Review and edit discovery control plant to include revisions requested by Wolpoff & Abramson. | 0.60 | 210.00 |
| 8/15/2008 | EW | Review requests for production received from opposing counsel; preparation of first draft of responses. | 1.90 | 665.00 |
| 8/20/2008 | EW | Preparation of Responses to Requests for Production | 3.10 | 1,085.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 8/27/2008 | EW | Receive and review settlement offer from Brayn Powers; review scheduling order to determine date that a response is required; email to Michael Bahner with copy of settlement offer attached. | 1.00 | 350.00 |
| 9/3/2008 | EW | Review and edit responses to requests for production | 1.60 | 560.00 |
| 9/5/2008 | EW | Review final version of responses of Wolpoff & Abramson to Plaintiffs First Request for Production; reconcile our tentative responses with those of W&A including reference to documents produced by W&A; preparation of final draft of LVNVs responses to request for production; research regarding other cases in which Bryan Powers has sought to represent a putative class; locate and assemble documents from those cases which show the inadequacy of Powers to represent the class. | 6.20 | 2,170.00 |
| 9/7/2008 | EW | Lengthy telephone conference with Manny Newburger regarding upcoming depositions and possible future strategies | 0.70 | 245.00 |
| 9/8/2008 | EW | Telephone conference with Court reporter to confirm all depositions (Lopea and Garcia cases) are set up properly | 0.20 | 70.00 |
| 9/10/2008 | EW | Preparation of depositions of Gracie Lopez and Bryan Powers; preparation of deposition outlines for each; review file and assemble documents to be used during deposition | 4.30 | 1,505.00 |
| | EW | Telephone conference with Manny Newburger regarding strategies for deposition of Gracie Lopez and Bryan Powers | 0.20 | 70.00 |
| | EW | Travel to Austin for deposition of Gracie Lopez on September 11 and deposition of Bryan Powers on September 12 (time has been divided between this file and the Garcia vs LVNV file). | 2.00 | 700.00 |
| 9/11/2008 | EW | Prepare for and attend deposition of Gracie Lopez. | 6.00 | 2,100.00 |
| 9/12/2008 | EW | Prepare for and attend deposition of Bryan Powers (time divided between this file and the Garcia vs LVNV file). | 4.30 | 1,505.00 |
| 9/12/2008 | EW | Return to office after deposition of Bryan Powers (time divided between this file and the Garcia vs LVNV file). | 2.00 | 700.00 |
| 9/13/2008 | EW | Review original answer; preparation of letter to opposing counsel to determine whether or not he would oppose a motion for leave to amend to assert defense of bona fide error. | 0.30 | 105.00 |
| | EW | Email to Manny Newburger including copy of letter requesting agreement to amend original answer | 0.10 | NO CHARGE |
| | EW | Preparation of response to Plaintiffs settlement offer; email to Michael Bahner requesting authority to send the response. | 0.30 | 105.00 |
| | EW | Preparation of Joint Response to Motion for Class Certification. | 5.40 | 1,890.00 |
| | EW | Final review of letter responding to settlement offer made by opposing counsel; forward by facsimile to opposing counsel. | 0.20 | 70.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 9/17/2008 | EW | Review motion for summary judgment filed by Plaintiff | 0.30 | 105.00 |
| 9/18/2008 | EW | Review deposition of Gracie Lopez; preparation of deposition summary. | 5.60 | 1,960.00 |
| | EW | Continued preparation of Response to Motion for Class Certification. | 1.70 | 595.00 |
| | EW | Continued preparation of Response to Motion for Class Certification; research regarding effect of unique defenses on typicality. | 1.90 | 665.00 |
| | EW | Continued preparation of Motion for Class Certification | 1.60 | 560.00 |
| 9/20/2008 | EW | Summarize deposition of Bryan Powers. | 2.50 | 875.00 |
| 9/21/2008 | | Summarize deposition of Bryan Powers. | 1.60 | 560.00 |
| | EW | Continued preparation of Response to Motion for Class Certification. | 3.30 | 1,155.00 |
| 9/22/2008 | EW | Review Motion for Extension of Time; email to Manny Newburger in response. | 0.30 | 105.00 |
| 9/23/2008 | EW | Preparation of response to motion for class certification including coordinating cites to deposition with actual page and line from the depositions of Bryan Powers and Guillermo Garcia; preparation of affidavit of Manny Newburger; preparation of affidavit of Ed Walton. | 5.30 | 1,855.00 |
| 9/24/2008 | EW | Review Manny's proposed changes to response to motion for class certification | 0.30 | 105.00 |
| | EW | Telephone conference with Manny Newburger regarding response to motion for class certification and supporting motions. | 0.50 | 175.00 |
| 10/6/2008 | EW | Review Plaintiff's reply to our response to motion for class certification. | 1.50 | 525.00 |
| 10/7/2008 | EW | Preparation for hearing on motion for class certification. | 2.60 | 910.00 |
| | EW | Travel from office to Austin for hearing on Motion for Class Certification. | 3.60 | 1,260.00 |
| | EW | Review proof chart in preparation for hearing on Motion for Class. | 1.00 | 350.00 |
| | EW | Meeting with co-counsel, Manny Newburger, to discuss hearing on Motion for Class Certification and make final preparations for oral argument. | 2.00 | NO CHARGE |
| 10/8/2008 | EW | Review notes and preparatory materials for hearing on Motion for Class Certification; attend hearing. | 2.00 | 700.00 |
| | EW | Review and edit Motion for Rule 11 Sanctions, file with Court; (actual time expended greater than recorded). | 1.00 | 350.00 |
| | EW | Return from Austin after hearing on Motion for Class Certification. | 3.60 | 1,260.00 |
| 10/9/2008 | EW | Review order on hearing on Motion for Class Certification; forward to Michael Bahner. | 0.50 | 175.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 10/12/2008 | EW | Review proposed motion for relief under 28 USC 1927. | 0.40 | 140.00 |
| 10/14/2008 | EW | Preparation of Joint Response to Voluntary Dismissal. | 0.50 | 175.00 |
| 10/14/2008 | EW | Receive and review email from Manny Newburger regarding filing of voluntary dismissal by Plaintiff. | 0.10 | 35.00 |
| 10/16/2008 | EW | Review proposed motion for relief under 28 USC 1927 | 0.40 | 140.00 |
| 10/27/2008 | EW | Preparation of attorney's fees affidavit. | 2.10 | 735.00 |
| 10/27/2008 | EW | Review attorney's fees affidavit prepared by Manny Newburger; amend affidavit to include additional matters and otherwise suggest changes. | 1.90 | 665.00 |
| 10/31/2008 | EW | Receive and review email from Manny Newburger regarding filing of voluntary dismissal by Plaintiff. | 0.10 | NO CHARGE |
| | | **SUBTOTAL:** | | 36,470.00 |

Additional Charges:

| Date | Description | Amount |
|---|---|---|
| 7/1/2008 | One half of filing fee for removal to federal court | 175.00 |
| 9/5/2008 | Copy charges - documents for response to requests for production. | 42.40 |
| 9/8/2008 | Postage mailed First Request for Production | 12.85 |
| 9/12/2008 | Mileage - return from Austin after depositions on September 11 and 12. | 129.29 |
| 9/15/2008 | Travel expenses to attend deposition in Austin. | 385.79 |
| 9/26/2008 | Outside document processing: Legallink 16035904 invoice for original and certified copy of transcript of Gracie Lopez. | 1,476.99 |
| 9/30/2008 | Lexis | 73.26 |
| | **Total costs** | 2,295.58 |