IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

GRACIE LOPEZ,
          Plaintiff,

-vs-                                      Case No. A-08-CA-510-SS

WOLPOFF & ABRAMSON, LLP and LVNV
FUNDING LLC,
          Defendants.

## ORDER

BE IT REMEMBERED on the 19th day of December 2008 the Court reviewed the file in the above-styled cause, and specifically Defendant Wolpoff & Abramson, LLP ("Wolpoff")'s Motion for Sanctions pursuant to Rule 11 [#33], LVNV Funding, LLC ("LVNV")'s Motion for Sanctions [#36][1], the Defendants' Joint Motion for Sanctions pursuant to 28 U.S.C. § 1927 [#39] and Plaintiff Gracie Lopez ("Lopez")'s response thereto [#39], Defendants' Memorandum in Support of the Joint Motion [#44] and Lopez's response thereto [#47]. Having considered the aforementioned motions, the case file as a whole, and the relevant law, the Court enters the following opinion and orders.

This lawsuit was filed by Gracie Lopez ("Lopez"), who is represented by Bryan Powers ("Powers"). Lopez was sued in Guadalupe County state court by Defendant LVNV Funding LLC ("LVNV"). LVNV employed Defendant Wolpoff & Abramson ("Wolpoff"), a collection law firm, to file suit and collect a debt allegedly owed by Lopez. Lopez claims to be a victim of identity theft, and alleges LVNV and Wolpoff's debt collection practices violated the Fair Debt Collection Practices Act

---

[1] Plaintiff has not replied to either of the defendant's motions for sanctions pursuant to Rule 11, although both have been pending since October 8, 2008; therefore, under Local Rule CV-7(d), both motions are unopposed. However, because Plaintiff *did* respond to Defendants' Joint Motion for Sanctions pursuant to 28 U.S.C. § 1927, the Court will consider the arguments in that response in its consideration of all of Defendants' motions for sanctions.

("FDCPA"), and the Texas Debt Collection Practices Act ("DCPA"). 15 U.S.C. §§ 1692 et seq.; TEX. FIN. CODE §§ 392.001 et seq. The case was removed to this Court on July 1, 2008 pursuant to 28 U.S.C. §§ 1331 and 1446(a), based on federal question jurisdiction.

Powers, on behalf of Lopez, filed a Motion for Class Certification [Docket # 7] requesting certification of "all persons (i) with addresses in Texas, (ii) to whom a communication in the form of Exhibit A [the petition and citation in the current case] was served, (iii) in an attempt to collect an alleged debt incurred for personal, family, or household purposes, and (iv) which was not returned to sender unserved." Pl.'s Supporting Memo. at 2.

In an order filed October 8, 2008, the Court found "the motion for class certification to be so groundless in law or fact that Powers, by signing it, has violated Rule 11 of the Federal Rules of Civil Procedure." The Court found Powers had evidenced either ignorance of or disregard for every single familiar requirement of Federal Rule of Civil Procedure 23(a), which governs class certification. Furthermore, the Court found Powers had failed entirely to investigate the facts of Lopez's case (and the putative cases in the class he sought to certify) to ascertain whether class certification was merited under the Rule 23(a) standard.

The Court noted that by Powers' own admission he has filed 39 class actions in the past, but has never won any form of relief for any member of one of those classes. The Court found Powers to be unabashedly ignorant of the basic law of the case, as he filed a motion for summary judgment on Lopez's behalf shortly after he filed his motion for class certification, apparently without regard for the fact that if the Court had granted the motion for summary judgment, his class could not have been certified. The Court noted Powers testified in his deposition he had done no research on a central issue in his case (whether a process server could legally be considered a "third party" under the Federal Debt Collection Practices Act). In the same vein, Powers appeared to have no conception of what qualifies a client as

a class representative—he stated he believes a client can be qualified even if they do not even know whether or not they are involved in a class action!

Finally, the Court found Powers had not done his job as a representative of his client, as it was clear Lopez was an entirely inappropriate lead plaintiff (although Powers seemed to have no conception of this). Lopez testified in her deposition she does not know what a class action is, she was not aware of the lawsuit when it was filed, and she does not know what it means to be a class representative or what her duties as class representative would entail. Lopez Depo. at 91:11-21. Lopez testified that until about three weeks before her deposition (which took place on September 11, 2008), she had no idea she was a plaintiff in a lawsuit, much less a putative class representative, nor any idea that a lawsuit had been filed! *Id.* at 37:9-14. The lawsuit, however, was filed on her behalf on June 9, 2008—two months at least before Lopez, according to her own testimony, ever knew of it. Likewise, Lopez testified a month before her deposition was the first time she had ever met or spoken to her attorney. *Id.* at 8:20-21. Lopez testified unequivocally she is concerned with her *own* damages and fees and is not focused on the interests of the putative class. *Id.* at 91:23-92:14. In summary, this Court found in its prior order (the opinion of which is adopted here) and reaffirms now that the pleadings requesting class certification filed by Powers in this case were wholly frivolous and had no support in fact or law whatsoever.

The Supreme Court of the United States described the basic tenants of Rule 11:

> Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and "not interposed for any improper purpose." An attorney who signs the paper without such a substantiated belief "shall" be penalized by "an appropriate sanction."

*Cooter & Gell v. Harmarx Corp.*, 496 U.S. 384, 393 (1990). Although Lopez voluntarily dismissed her lawsuit on October 14, 2008, the Supreme Court found "district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal," as "[t]he district court's jurisdiction, invoked by the filing of the underlying complaint, supports consideration of both the merits of the action and the motion for

Rule 11 sanctions arising from that filing." *Cooter*, 496 U.S. at 396. Thus, the Court finds it is appropriate to sanction Powers under Rule 11 in order to deter his dangerous and wasteful behavior and future baseless filings.

## CONCLUSION

Having found Bryan Powers, Lopez's attorney of record, in violation of Federal Rule of Civil Procedure 11, the Court enters the following orders:

IT IS ORDERED that Defendant Wolpoff & Abramson, LLP's Motion for Sanctions pursuant to Rule 11 [#33], and LVNV Funding, LLC's Motion for Sanctions [#36] are GRANTED.

IT IS FURTHER ORDERED that the Defendants' Joint Motion for Sanctions pursuant to 28 U.S.C. § 1927 [#39] is DISMISSED AS MOOT.

IT IS FINALLY ORDERED that Defendant Wolpoff & Abramson, LLP is awarded TWENTY ONE THOUSAND, EIGHT HUNDRED AND TWENTY-FOUR DOLLARS AND 50 CENTS ($21,824.50) against Bryan Powers and Defendant LVNV Funding, LLC is awarded THIRTY THREE THOUSAND, FOUR HUNDRED AND TWENTY-FIVE DOLLARS ($33,425.00) against Bryan Powers as reasonable and necessary attorneys' fees, for which let execution issue. This amount is calculated at a rate of $375.00 and $350 per hour, respectively, for the amount of time each defendant spent solely in defending Plaintiff's efforts at class certification.

SIGNED this the 19th day of December 2008.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE